Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re                                                            Case Nos.: 14-41650-CEC


        264 LENOX, LLC,

            Debtor.                              Chapter 11
-------------------------------------------------------X

### NOTICE OF MOTION TO DISMISS CASE ON SHORTENED NOTICE

PLEASE TAKE NOTICE that, pursuant to 11 U. S. C. § 1112(b)(1), Fed. R. Bankr. P. §

9006, and Local Rule 9077-1, a hearing to consider the above-captioned Debtor's Motion to

Dismiss this chapter 11 bankruptcy case with prejudice on shortened notice shall be conducted

before the Honorable Carla E. Craig, United States Bankruptcy Judge, on September 10, 2014 at

2:00 PM, in the United States Bankruptcy Court – Eastern District of New York, 271 Cadman

Plaza, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard.

PLEASE TAKE FURTHER NOTICE that any objection to the within Motion must be in

writing and must state with particularity the grounds of the objection.  The objection must be

filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a

copy of the objection must be served upon the undersigned counsel for the debtor so as to be

received no later than one (1) day before the hearing date.

Dated: Brooklyn, New York
        September 2, 2014                    _____
                                            Alla Kachan, Esq.
                                            Law Offices of Alla Kachan
                                            415 Brighton Beach Avenue, 2nd Fl.
                                            Brooklyn, NY 11235
                                            Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re                                                                    Case Nos.: 14-41650-CEC


      264 LENOX, LLC,

          Debtor.                                         Chapter 11
--------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE ON SHORTENED NOTICE

      The debtor and debtor in possession, 264 Lenox, LLC, ("Debtor") by its undersigned counsel, Alla Kachan, of the Law Offices of Alla Kachan, P.C., respectfully requests that the Court enter an Order, pursuant to 11 U. S. C. §1112(b)(1), Fed. R. Bankr. P. § 9006, and Local Rule 9077-1, dismissing this bankruptcy case with prejudice, and in support thereof avers as follows:

### JURISDICTION

      1.     This Court has jurisdiction over this matter pursuant to 28 U. S. C. § 1334. This matter is a core proceeding.

      2.     Venue lies in this district pursuant to 28 U. S. C. §§ 1391(b) and 1409(a).

### STATEMENT OF FACTS

      3.     I am the attorney for the debtor in the above-captioned case.

4.    A chapter 11 petition was filed on April 4, 2014 (hereinafter, "Petition Date"). See ECF Doc. No. 1.

5.    A § 341 meeting of creditors was first scheduled May 12, 2014.

6.    Several 341 meetings were held and adjourned.

7.    On May 28 2014, Colfin FCSB Funding A, LLC ("Colfin"), the one and only creditor of the Debtor, filed a Motion for Relief from Stay with this Court, seeking to enforce a judgment of foreclosure it obtained against the debtor concerning real property located at 264 Lenox Avenue, Bronx, New York ("Subject-Property"). See ECF Doc. No. 14.

8.    Stated generally, Colfin and the Debtor, after negotiations, have exchanged drafts of a proposed Stipulation, annexed hereto as Exhibit A, providing, among other things, that the Debtor has until September 12, 2014 to consummate a sale of the Subject-Property.

9.    Moreover, pursuant to the proposed Stipulation, the Debtor has until September 12, 2014 to pay to Colfin, in full satisfaction of the judgment of foreclosure and all claims related thereto, the sum of ONE MILLION THREE HUNDRED THOUSAND ($1,300,000.00) dollars.

10.    This proposed Stipulation is contingent on:

a.    This Court issuing an Order (i) dismissing the instant bankruptcy case on or before September 11, 2014, with prejudice and barring the Debtor from filing another bankruptcy case for a period of one hundred eighty (180) days from the date of dismissal, and (ii) further providing that in any future case that may be filed by the Debtor, the automatic stay will not apply to Colfin; and

b.    The instant bankruptcy case being dismissed with prejudice on or before September 11, 2014.

11.     Although a proposed Stipulation has been drafted by the parties, at the time of submission of the instant motion, it has not been finalized or fully executed.

12.     Although the parties are not bound (and do not intend to be bound) by the terms of the proposed Stipulation until it is finalized and fully executed, the Debtor anticipates that it should be fully executed prior to the time this motion is heard before this Court.

13.     Moreover, due to the urgency with which parties would like to resolve this matter, the Debtor is requesting that a hearing considering this application be done on shortened notice.

14.     By expediting resolution of this motion on shortened notice, the costs to the estate may be reduced, and the Debtor will be able to attempt to resolve Colfin's claim outside of this bankruptcy case.

15.     Additionally, as Colfin is the sole creditor to the estate, further administration of this bankruptcy case would not be in the best interest of creditors or the estate, and an unnecessary use of judicial resources.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, in form similar to the attached Proposed Order, dismissing this bankruptcy case with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
       September 2, 2014

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Office of Alla Kachan
415 Brighton Beach Avenue, Second Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re                                                           Case Nos.: 14-41650-CEC


     264 LENOX, LLC,

          Debtor.                                       Chapter 11
-----------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASE

Upon the application of the 264 Lenox, LLC, the debtor in possession in the above-captioned Chapter 11 case, for an Order dismissing the instant chapter 11 case on shortened notice, pursuant to 11 U. S. C. § 1112(b)(1), Fed. R. Bankr. P. § 9006 and Local Rule 9077-1;

And notice having been provided to all interested parties;

and this Court finding no reason to deny the requested relief; it is

**ORDERED** that the within application shall be heard on shortened notice; and it is further

**ORDERED,** that the instant Chapter 11 case be and is hereby dismissed with prejudice; and it is further

**ORDERED** that the Debtor 264 LENOX, LLC is barred from filing a voluntary petition for bankruptcy relief under any chapter for one hundred eighty (180) days from the date of entry of this Order; and it is further

**ORDERED** that if the Debtor 264 LENOX, LLC does, in the future, file a voluntary petition for voluntary relief under the Bankruptcy Code, 11 U. S. C. § 101, et seq., that the automatic stay provided under 11 U. S. C. § 362, if Debtor 264 LENOX, LLC is entitled to it, shall not apply to ColFin FCSB Funding A, LLC concerning enforcement of its rights in relation to certain real property located at 264 Lenox Avenue, Bronx, New York, and as determined in an action in the Supreme Court of New York, New York County, Index Number 105981/2009 bearing the caption, "*ColFin FCSB Funding A, LLC v. 264 Lenox LLC, Saadia Shapiro, et al.*"

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

**In re**                                                                    Chapter 11

      **264 Lenox, LLC,**    Case no.  14-41650


                   Debtor.

----------------------------------------------------------x

## STIPULATION

     **WHEREAS**, on April 4, 2014, Debtor, 264 Lenox LLC, filed the instant Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of New York, under Case no. 1-14-41650;

     **WHEREAS**, on May 8, 2014, secured creditor, ColFin FCSB Funding A, LLC ("Mortgagee"), filed a Motion to Lift the Automatic Stay to *inter alia* permit the Mortgagee to exercise any and all rights and remedies available to Mortgagee under applicable law regarding the real property owned by Debtor located at 264 Lenox Avenue, New York, New York 10027 (the "Property"), including but not limited to all rights and remedies available in the action entitled: *ColFin FCSB Funding A, LLC v. 264 Lenox LLC, Saadia Shapiro et al.*, Supreme Court of the State of New York, County of New York, Index No.: 105981/09 (the "Mortgage Foreclosure Action");

     **WHEREAS**, by Order dated July 17, 2014, by the Honorable Carla E. Craig, the Court vacated the automatic stay to permit the Mortgagee to exercise any and all rights and remedies available to Mortgagee under applicable law regarding the Property, provided, however, that any sale of the Property in the Foreclosure Action shall take place no earlier than October 1, 2014 (the "Lift Stay Order");

     **WHEREAS**, the Debtor, and Mr. Saadia Shapiro ("Guarantor"), individually, as guarantor of the subject mortgage loan, have requested and Mortgagee has accepted that Debtor and Guarantor will pay to the Mortgagee, subject to and upon each and all of the terms and conditions set forth in the Payoff Agreement annexed hereto as Exhibit 1 (the "Payoff Agreement"), a discounted payoff amount of ONE MILLION THREE HUNDRED THOUSAND AND 00/100 ($1,300,000.00) Dollars (the "Discounted Payoff Amount"), not later than September 12, 2014, time being of the essence, in full satisfaction of the Judgment entered in the Foreclosure Action notwithstanding that the Discounted Payoff Amount is less than the aggregate balance of the Judgment and Mortgage Loan outstanding;

     **WHEREAS**, in order to induce Mortgagee to enter into this Stipulation, Debtor and Guarantor allege and represent, to this Court and to Mortgagee, that Debtor is in the process

of selling the Property to a third-party to generate the funds needed to pay Mortgagee the Discounted Payoff Amount not later than September 12, 2014;

WHEREAS, Debtor and Guarantor allege and represent, to this Court and to Mortgagee, that in order for Debtor to sell the Property to a third-party to generate the funds needed to pay Mortgagee the Discounted Payoff Amount not later than September 12, 2014, Debtor must have the instant bankruptcy case dismissed; and

WHEREAS, in order to induce Mortgagee to enter into the Payoff Agreement and this Stipulation, Debtor has stipulated and agreed to have this bankruptcy case dismissed with prejudice barring Debtor from refiling another bankruptcy case for One Hundred Eighty (180) days and (ii) declaring the automatic stay will not apply to the Mortgage Foreclosure Action (and Mortgagee may exercise any and all rights and remedies available to Mortgagee under applicable law in Mortgage Foreclosure Action), if the Borrower files another bankruptcy case.

NOW THEREFORE, in consideration of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, IT IS HEREBY STIPULATED AND AGREED, by, between, and among 264 LENNOX LLC and SAADIA SHAPIRO, and COLFIN FCSB FUNDING A, LLC, as follows:

1. Debtor acknowledges as an estoppel in the instant bankruptcy case, in the Mortgage Foreclosure Action, and in any future action or bankruptcy filing, that the total amount due and owing under the Judgment entered in the Mortgage Foreclosure Action, is as follows, as of August 18, 2014:

| | |
|---|---|
| *Judgment Amount:* | *$1,345,057.20* |
| *Interest from 12/27/13 to 08/18/14 @9% per annum:* | *$79,596.03* |
| *Costs and disbursements (per Judgment):* | *$920.00* |
| *Additional Allowance (per Judgment):* | *$300.00* |
| *Advertising costs for publication of* | |
| *Notice of Sale      (per Judgment):* | *$3,277.62* |
| *Attorneys' fees and disbursements:* | *$34,664.47* |
| TOTAL: | $1,463,815.32 |

2. Debtor shall immediately file and prosecute a motion ("Debtor's Motion") seeking an Order (i) dismissing the instant bankruptcy case with prejudice and barring Debtor from refiling another bankruptcy case for One Hundred Eighty (180) days from the date of dismissal, and (ii) declaring the automatic stay of any future case or filing will not apply to the Mortgage Foreclosure Action, and that, without limiting the foregoing, should Debtor or Guarantor file another bankruptcy case, Mortgagee may exercise any and all rights and remedies available to Mortgagee under applicable law in the Mortgage Foreclosure Action, as if the Debtor had not filed another bankruptcy case and none was pending;

3. The Payoff Agreement shall have no force or effect unless Hon. Judge Carla Craig of the United States Bankruptcy Court issues an Order on or before September 11, 2014 (i) dismissing the instant bankruptcy case with prejudice and barring Debtor from

refiling another bankruptcy case for One Hundred Eighty (180) days and (ii) declaring the automatic stay will not apply to the Mortgage Foreclosure Action (and Mortgagee may exercise any and all rights and remedies available to Mortgagee under applicable law in the Mortgage Foreclosure Action), if the Borrower files another bankruptcy case (the "Dismissal Order"). Mortgagee's counsel shall draft the proposed Dismissal Order for the Court's consideration; and

4.  The Lift Stay Order shall remain in full force and effect, and all of Mortgagee's rights shall remain fully reserved. In the event Debtor's Motion is denied or the Court fails to issue the Dismissal Order on or before September 11, 2014, Mortgagee may exercise any and all rights and remedies available to Mortgagee under applicable law in t h e  Mortgage Foreclosure Action in accordance with the Lift Stay Order.

Dated: August    , 2014

264 Lenox LLC,
a New York Limited Liability Company

_____
By: Saadia Shapiro, Managing Member

Law Offices of Alla Kachan, P.C.
Attorneys for Debtor 264 Lenox LLC

By: _____
       Alla Kachan, Esq.
415 Brighton Beach Avenue, 2nd Floor
Brooklyn, NY 11235

Coritsidis & Lambros, PLLC
Attorneys for ColFin FCSB Funding A, LLC

By: _____
       Jeffrey A. Gangemi, Esq.
46 Trinity Place, 4th Floor
New York, New York 10006
Date Signed:  August    , 2014

ColFin FCSB Funding A, LLC

_____
By:
Date Signed:  August    , 2014

3

# PAYOFF AGREEMENT

This Agreement (this "Agreement") is entered into as of the day of August, 2014 (the "Effective Date") by and among 264 LENOX LLC ("Borrower"), a New York Limited Liability Company having an address at 3145 Coney Island Avenue , Brooklyn, NY 11235, and SAADIA SHAPIRO, having an address at 3145 Coney Island Avenue , Brooklyn, NY 11235 ("Guarantor"; and in addition, Borrower and Guarantor are sometimes collectively referred to herein as the "Obligors"), and COLFIN FCSB FUNDING A, LLC, a Delaware limited liability company ("Holder") having an address at 2450 Broadway, 6th Floor, Santa Monica, California 90404.

## RECITALS:

WHEREAS, on March 10, 2008, First Central Savings Bank ("First Central") loaned 264 Lennox LLC the sum of $825,000.00 (the "Mortgage Loan");

WHEREAS, in connection with said Mortgage Loan, on or about March 10, 2008, Borrower, by its managing member, Mr. Saadia Shapiro, executed, acknowledged, and delivered to First Central a certain Mortgage Note in the principal amount of $825,000.00 (hereinafter the "Note"), and secured by the Mortgage, which covers the real and personal property described in the Mortgage and defined herein as the "Property," to wit: 264 Lenox Avenue, New York, New York, Block: 1721, Lot: 37, in the County of New York;

WHEREAS, in connection with the Mortgage Loan, Borrower executed and delivered that certain Mortgage dated March 10, 2008, as mortgagor, to First Central, as mortgagee, to secure the sum of $825,000.00 and recorded in the Office of the City Register of the City of New York on March 18, 2008 in CRFN No.: 2008000109687 (the "Mortgage");

WHEREAS, in connection with the Mortgage Loan, in order to further collaterally secure the obligation to First Central hereinbefore set forth, Guarantor executed, acknowledged and delivered to First Central that certain Guaranty dated March 10, 2008 (the "Guaranty"), wherein and whereby, among other things, Guarantor guaranteed, absolutely and unconditionally, to First Central the payment of the principal sum evidenced by the Note and secured by the Mortgage, or so much thereof as may be outstanding from time to time, together with interest thereon at the rate of interest which may or shall become due and payable pursuant to the provisions of the Note and Mortgage. (Hereinafter, the Note, Mortgage, and Guaranty shall be referred to collectively as the "Loan Documents");

WHEREAS, on or about March 4, 2009 the Borrower defaulted in making the monthly installments due in connection with the Mortgage and Note and has failed to make any monthly installment thereafter;

WHEREAS, as a result of Borrower's failure to comply with the terms and provisions of the Mortgage and Note, on April 28, 2009, First Central commenced the mortgage foreclosure action in the New York County Supreme Court under Index No.: 105981/09 entitled: *ColFin FCSB Funding A, LLC v. 264 Lenox LLC, Saadia Shapiro et al.*, by the filing of a Summons and

1

Verified Complaint, and the filing of a Notice of Pendency on April 28, 2009 (the "Mortgage Foreclosure Action");

WHEREAS, on or about July 7, 2009, First Central Savings Bank, Borrower, and Guarantor entered into a Stipulation dated July 7, 2009 in the Mortgage Foreclosure Action (the "Initial Stipulation");

WHEREAS, thereafter, Borrower and Guarantor failed to comply with the terms and provisions of the Stipulation by, among other things, failing and omitting to make the monthly payment which became due on the first day of April, 2010, and monthly payments due thereafter. As a result, on or about January 10, 2011, First Central Savings Bank, Borrower, and Guarantor executed an Amendment to the Stipulation of Settlement dated January 10, 2011 (the "Amendment to Stipulation"; hereinafter the Initial Stipulation together with the Amendment to Stipulation, shall be collectively referred to as the "Stipulation" ).

WHEREAS, on February 13, 2012, ColFin FCSB Funding A, LLC, purchased from First Central Savings Bank the subject Loan Documents, together with all of the other related loan documents and all right, title, and interest in the Mortgage Foreclosure Action;

WHEREAS, after motion practice and other proceedings in the Mortgage Foreclosure Action, by Order dated January 31, 2013, by the Honorable Eileen Rakower, J.S.C., the Court directed entry of default judgment against Borrower and Guarantor; appointed a Referee to compute the sums due and owing to Holder; appointed a Temporary Receiver of the rents and profits for the benefit of the Holder with respect to the Mortgaged Premises; and amended the caption to substitute ColFin FCSB Funding A, LLC, as plaintiff in the Mortgage Foreclosure Action;

WHEREAS, after motion practice and other proceedings in the Mortgage Foreclosure Action, on February 7, 2014, the Court in the Mortgage Foreclosure Action issued a Judgment of Foreclosure and Sale dated February 7, 2014, and entered with the Clerk of the Court on February 21, 2014 (the "Judgment");

WHEREAS, pursuant to the Judgment, the appointed referee scheduled an auction sale of the Property for April 9, 2014;

WHEREAS, on April 4, 2014, Borrower filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of New York, under Case no. 1-14-41650;

WHEREAS, on May 8, 2014, Holder filed a Motion to Lift the Automatic Stay;

WHEREAS, by Order dated July 17, 2014, made by the Honorable Carla E. Craig, the Court vacated the automatic stay to permit the Holder to exercise any and all rights and remedies available to Holder under applicable law regarding the Property, provided, however, that a sale of the Property in the Mortgage Foreclosure Action shall take place no later than October 1, 2014;

WHEREAS, the Borrower and Guarantor have requested and Holder has accepted that Borrower and Guarantor will pay to ColFin FCSB Funding A, LLC, subject to and upon each and all of the terms and conditions set forth herein, a discounted payoff amount of ONE MILLION THREE HUNDRED THOUSAND AND 00/100 ($1,300,000.00) Dollars (the "Discounted Payoff Amount") in full satisfaction of the Judgment, notwithstanding that the Discounted Payoff Amount is less than the aggregate balance of the Judgment and Mortgage Loan outstanding.

NOW THEREFORE, in consideration of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, IT IS HEREBY AGREED, by and between 264 Lenox LLC and Saadia Shapiro and ColFin FCSB Funding A, LLC, as follows:

1.      Attached hereto as Exhibit A is a spreadsheet which sets forth the principal balance of the Judgment outstanding and all other amounts due with respect to the Loan through September 12, 2014. Borrower and Guarantor hereby unconditionally and absolutely represent, warrant, agree and acknowledge that it or he, as the case may be, is primarily liable to Holder for the full balance of the Judgment outstanding together with any interest, late charges, and other amounts due, that the Loan and Loan Documents are in default and are immediately due and payable in full, and that none of the Obligors have any defense thereto or offset there against.

2.      Borrower and Guarantor hereby agree to pay the Discounted Payoff Amount to Holder by wire transfer of immediately available funds in accordance with the wire instruction set forth on Exhibit B attached hereto not later than 3:00 PM New York time on September 12, 2014 TIME BEING OF THE ESSENCE ("Termination Date"). TIME SHALL BE OF THE ESSENCE WITH RESPECT TO THE TERMINATION DATE. In addition, on the Termination Date, TIME BEING OF THE ESSENCE, Borrower and Guarantor shall deliver to Coritsidis & Lambros, PLLC an original General Release fully executed by the Borrower and Guarantor (and duly notarized and acknowledged) in favor of Holder, in the form annexed hereto as Exhibit C (the "Release"). In the event that Borrower has not delivered the Discounted Payoff Amount and Release in accordance with the terms and provisions of this Agreement on or before 3:00 PM New York time on the Termination Date: (i) this Agreement (other than as expressly set forth herein) shall be of no further force or effect without notice or demand and Borrower and/or Gurantor shall have no further right to satisfy the Judgment by the payment of the Discounted Payoff Amount and (ii) the respective rights and obligations of Borrower, Guarantor, and Holder shall be governed strictly in accordance with the terms of the Judgment, Stipulation, and Loan Documents without regard to this Agreement, except for those provisions hereof that by their terms survive termination of this Agreement.

3.      This Agreement shall have no force or effect unless Hon. Judge Carla Craig of the United States Bankruptcy Court issues an Order on or before September 11, 2014 that provides that: (i) the Bankruptcy Case is dismissed with prejudice, barring Borrower from refiling another bankruptcy case for One Hundred Eighty (180) days from the date of dismissal, (ii) the automatic stay will not apply to the Mortgage Foreclosure Action (and Holder may exercise any and all rights and remedies available to Holder under applicable law in t h e Mortgage Foreclosure Action), if the

Borrower files another bankruptcy case; and the Discounted Payoff Amount is paid in full to Holder on or before the Termination Date.

4.      In return for and upon receipt of the Discounted Payoff Amount, but subject to reinstatement as hereinafter set forth, Holder shall provide Borrower with a satisfaction of Judgment and hereby authorizes Borrower to cancel all financing statements perfecting Holder's security interest in any collateral for the Loans.

5.      The parties agree that, for its internal accounting purposes, Holder shall apply the Discounted Payoff Amount to the Loan in its sole and absolute discretion.

6.      In the event that the Borrower and/or Guarantor's payment(s) of the Discounted Payoff Amount to Holder shall be set aside, invalidated, or voided as a preference or fraudulent conveyance or, if for any other reason Holder is required to return all or any portion thereof or additional amounts of fees, expenses, interest, or other affirmative damages become due and owing from Holder, the Loan Documents, Stipulation, Judgment, and all of Borrower's and Guarantor's obligations thereunder, as such obligations existed immediately prior to the payment of the Discounted Payoff Amount to Holder, shall be reinstated and shall be deemed to be in full force and effect and all rights and obligations owed to Holder and any and all remedies available to Holder under the terms of the Loan Documents, Stipulation, Judgment or in law or in equity against Borrower and Guarantor shall automatically be revived and reinstated as prepetition debts and Holder shall be entitled to file a proof of claim for the entire unpaid amount of the Judgment and/or Loan plus any amounts paid or returned by Holder, in any bankruptcy, insolvency or receivership, including, without limitation, any deferred interest from the date of disgorgement to the date of distribution to Holder in any bankruptcy, insolvency, or receivership or fraudulent transfer proceeding and any costs and expenses due and owing. In such event, Borrower and Guarantor shall, at Holder's request, execute and deliver to Holder new notes containing the same terms as the Restated Note, new guaranties containing the same terms as the Guaranty, and any additional documents requested by Holder to effectuate the purposes of this paragraph. The parties expressly acknowledge and agree that the provisions of this Section 6 shall survive the termination or expiration of this Agreement.

7.      Obligors warrant and represent to Holder that the Loan is not subject to, and they hereby waive, any credits, charges, claims, defenses, or rights of offset or deduction of any kind or character whatsoever (the obligations of Borrower being absolute and unconditional). In addition, Obligors warrant and represent to Holder that the Judgment is not subject to, and they hereby waive, any credits, charges, claims, defenses, or rights of offset or deduction of any kind or character whatsoever (the obligations of Borrower being absolute and unconditional). Each of Borrower and Guarantor hereby acknowledges that Holder has complied with each and all of its obligations under the Loan Documents. In order to induce Holder to enter into this Agreement and as a material part of the consideration therefor, each of the Obligors, on behalf of itself and its officers, directors, shareholders, partners, members, predecessors, successors, assigns, servicers, attorneys, contractors, and agents (collectively, "Releasors"), hereby irrevocably and unconditionally release and forever discharge Holder, its predecessors, successors, assigns, agents, officers, employees, servicers, representatives, attorneys, and affiliates, and all persons

4

acting by, through, under, or in concert with any of the aforesaid persons or entities (collectively, the "Lender Released Parties"), or any of them, from and against and any and all causes of action, suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs and expenses, including, without limitation, attorneys' fees, of any kind or nature whatsoever, whether under law, in equity or by statute, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which any of the Releasors now or hereafter has, owns, holds, or claims to have, own, or hold, or at any time heretofore has had, owned, held, or claimed to have had, owned, or held against any of the Lender Released Parties arising from, based upon, or related to, whether directly or indirectly (collectively, "Claims"): (i) the Loan; (ii) the Loan Documents; (iii) any real and/or personal property collateral for the Loan, including but not limited to the Property; (iv) this Agreement; (v) any and all other agreements, documents, or instruments referenced herein or in the Loan Documents or related hereto or thereto; (vi) any defenses as to the enforcement of the Loan Documents; (vii) any act, omission, negligence, or breach of duty; (viii) any theory of lender liability, including, without limitation, unknown or unanticipated Claims; (ix) the Stipulation; or the (x) the Mortgage Foreclosure Action. Borrower and Guarantor represent and warrant to the Lender Released Parties that Releasors have not assigned or transferred or purported to assign or transfer any Claim or Claims or any portion thereof or any interest therein, and agree to indemnify, defend (with counsel selected by the Lender Released Parties ), and hold the Lender Released Parties harmless from and against any Claim or Claims based on, or arising out of, whether directly or indirectly, any such assignment or transfer, or purported assignment or transfer. The terms of this Section 7 shall survive the consummation of the transaction contemplated herein or any termination of this Agreement.

8.      Borrower and Guarantor hereby agree to protect, defend, indemnify, and hold harmless each Lender Released Party from and against any and all loss, cost, damage, expense, or liability (including attorneys' fees and costs) which such Lender Released Party may sustain or incur by reason of (i) any claim, defense or cause of action brought by the Borrower or the Guarantor, (ii) any breach by Borrower or the Guarantor of the their respective obligations under this Agreement, or (iii) any inaccuracy when made of any representation or warranty or other provision made by the Borrower or the Guarantor in this Agreement. All amounts payable pursuant to this Section 8 shall be paid to such Lender Released Party as same are incurred and shall be paid not later than ten (10) days following demand by such Lender Released Party. The terms of this Section 8 shall survive the consummation of the transaction contemplated herein or any termination of this Agreement.

9.      This Agreement, the Stipulation, and the Loan Documents constitute the entire agreement among the parties with respect to this matter. Each of Borrower and Guarantor acknowledges that in entering into this Agreement, Holder has made no representations, warranties, covenants, agreements, or understandings to or with Borrower or the Guarantor other than expressly set forth herein, and each of the Borrower and the Guarantor have not relied upon alleged representations, warranties, covenants, agreements or understandings of Holder, whether oral or written.

10.     This Agreement may be executed in any number of counterparts, each of which shall be

deemed to be an original and all of which together shall constitute one instrument. Copies (whether facsimile, PDF, photostatic or otherwise) of signatures to this Agreement shall be deemed to be originals and may be relied on and shall be enforceable to the same extent as if they were originals.

11.    OBLIGORS ACKNOWLEGE AND AGREE THAT, NOTWITHSTANDING ANY TERM OR PROVISION CONTAINED IN THIS AGREMENT, ANY OF THE LOAN DOCUMENTS, OR THE AGREEMENT , IN ALL REPSECTS, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY, AND PERFORMANCE, THIS AGREEMENT AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERENED BY AND CONSTRUED AND ENFORCED IN ACCORDNACE WITH THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE, AND ANY APPLICABLE LAWS OF THE UNITEED STATES OF AMERICA. OBLIGORS HEREBY WAIVE PERSONAL SERVICE OF ANY SUMMONS, COMPLAINT, AND OTHER PROCESS ISSUED IN ANY SUCH SUIT AND EXPRESSLY AGREE THAT SERVICE OF SUCH SUMMONS, COMPLAINT, AND OTHER PROCESS MAY BE MADE BY OVERNIGHT COURIER OR BY REIGSTERED OR CERTIFIED MAIL ADDRESSED TO THEM AT THE ADDRESS FIRST SET FORTH ABOVE FOR OBLIGORS IN THIS AGREEMENT AND THAT SERVICE SO MADE SHALL BE DEEMED COMPLETED UPON THE EARLIER OF THE PARTY'S ACTUAL RECEIPT THEREOF OR DELIVERY AT THE ADDRESS FIRST SET FORTH ABOVE IN THIS AGREEMENT BY PREPAID OVERNIGHT COURIER (E.G., FEDERAL EXPRESS, UPS-AIR, DHL, ETC.), WHETHER ACCEPTED OR NOT.

12.    BECAUSE DISPUTES ARISING IN CONNECTION WITH COMPLEX FINANCIAL TRANSACTIONS ARE MOST QUICKLY AND ECONOMICALLY RESOLVED BY AN EXPERIENCED AND EXPERT PERSON AND BECAUSE HOLDER AND OBLIGORS WISH APPLICABLE STATE AND FEDERAL LAWS TO APPLY (RATHER THAN ARBITRATION RULES), THE PARTIES TO THIS AGREEMENT DESIRE THAT THEIR DISPUTES BE RESOLVED BY A JUDGE APPLYING SUCH APPLICABLE LAWS. THEREFORE, TO ACHIEVE THE BEST COMBINATION OF THE BENEFITS OF THE JUDICIAL SYSTEM AND OF ARBITRATION, OBLIGORS AND HOLDER EXPRESSLY AND IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING BROUGHT TO RESOLVE ANY DISPUTE, WHETHER SOUNDING IN CONTRACT, TORT, OR OTHERWISE, BETWEEN HOLDER AND OBLIGORS, ARISING OUT OF, IN CONNECTION WITH, RELATED TO, OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THIS AGREEMENT, THE LOAN DOCUMENTS AND ANY RELATED INSTRUMENTS, AGREEMENTS AND DOCUMENTS, OR THE TRANSACTIONS RELATED THERETO.

13.    Holder expressly reserves any and all rights and remedies available to Holder under the Loan Documents, Stipulation, a n d Judgment or at law or in equity, subject only to the express obligations of Holder under this Agreement. No failure to exercise, or delay by Holder in exercising, any right, power, or privilege hereunder or under the Loan Documents (or under the Mortgage Foreclosure Action ) shall preclude any other or further exercise thereof, or the

exercise of any other right, power, or privilege. No notice to or demand upon Borrower in any instance shall, in itself, entitle Borrower or Guarantor to any other or further notice or demand in similar or other circumstances or constitute a waiver of the right of Holder to any other or further action in any circumstance without notice or demand. The provisions of this Section 13 shall survive the consummation of the transactions contemplated herein or any termination of this Agreement.

14.    Each of Borrower and Guarantor acknowledges that: (a) Borrower and Guarantor have thoroughly read and reviewed, and are familiar with, the terms and provisions of this Agreement; (b) Borrower and Guarantor clearly understand and have fully and unconditionally consented to the terms and provisions contained herein; (c) Borrower and Guarantor have had full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of their respective own selection, in regard to understanding the terms, meaning and effect of this Agreement; (d) Borrower and Guarantor have entered into this Agreement freely, voluntarily, with full knowledge, and without duress, and (e) in executing this Agreement, Borrower and Guarantor are relying on no representations, either written or oral, express or implied, made to Borrower or Guarantor by any other party hereto. Borrower and Guarantor further acknowledge that Holder's agreements set forth herein are adequate and sufficient consideration for the agreements of Borrower and Guarantor set forth herein.

15.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflict of laws provisions. The parties agree that the New York State Supreme Court located in the County of New York, State of New York, shall have exclusive jurisdiction in connection with any dispute concerning or arising out of this Agreement, or otherwise relating to the parties' relationship. In any action, lawsuit, or proceeding brought to enforce or interpret the provisions of this Agreement and/or arising out of or relating to any dispute between the parties, the prevailing party with respect to each specific issue in a matter shall be entitled to recover all of his or its costs and expenses relating to such issue (including without limitation, reasonable attorney's fees, court costs, and disbursements) in addition to any other relief to which such party may be entitled. Each party has participated in the negotiation and drafting of this document, and neither party shall be presumed to be the drafter hereof, against whom an ambiguity will be interpreted.

16.    The warranties, representations, waivers, releases, and indemnities of the parties in this Agreement shall survive the termination of this Agreement.

17.    Any provision of this Agreement which may be found by a court of competent jurisdiction to be prohibited or unenforceable in any such jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

18.    The facts and statements set forth above in the "Whereas" clauses above are adopted and incorporated herein as if set forth in their entirety.

19.     This Agreement may be changed, modified, or amended only by a written instrument signed by all of the parties hereto.

20.     This Agreement shall be binding upon and inure to the benefit of each of the parties and their respective assigns, successors in interest, and legal representatives.

21.     EACH OF THE PARTIES HERETO HEREBY KNOWINGLY, VOLUNTARILY, UNCONDITIONALLY, IRREVOCABLY, AND INTENTIONALLY FOREVER WAIVES ANY RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH, THIS AGREEMENT OR THE LOAN DOCUMENTS, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (VERBAL OR WRITTEN), OR ACTION OF ANY PERSON OR ANY EXERCISE BY ANY PART OF THEIR RESPECTIVE RIGHTS UNDER THIS AGREEMENT OR THE LOAN DOCUMENTS (INCLUDING, WITHOUT LIMITATION, ANY ACTION TO RESCIND OR CANCEL THIS AGREEMENT OR ANY CLAIMS OR DEFENSES ASSERTING THAT THIS AGREEMENT WAS FRAUDULENTLY INDUCED OR OTHERWISE IS VOID OR VOIDABLE). THIS PROVISION IS MATERIAL INDUCEMENT TO ENTER INTO THIS AGREEMENT.

22.     In the event that Holder does not receive the Discounted Payoff Amount in accordance with the terms and provisions of this Agreement on or before 3:00 PM New York time, on the Termination Date, TIME BEING OF THE ESSENCE, Holder shall have the option, in its sole and absolute discretion, to proceed with the Mortgage Foreclosure Action, including but not limited to the sale of the Property, unopposed by Borrower and Guarantor (or to take any other lawful action Holder in its sole discretion deems appropriate). In addition, Borrower and Guarantor agree and stipulate that Holder may submit this Agreement to the Court for any purpose in the Mortgage Foreclosure Action, including, but not limited to, as prima facie and conclusive evidentiary proof of the amounts due and owing to Holder under the Loan Documents as set forth in Schedule A attached hereto. Borrower and Guarantor expressly agree that neither they nor their counsel shall oppose the sale of the Property, or any future motion, application, or proceeding brought by Holder in the Mortgage Foreclosure Action, whether in the form of written submissions or orally in person. For purposes of the Mortgage Foreclosure Action, this Agreement may be construed as a stipulation between the Plaintiff Holder and Defendants Borrower and Guarantor. The provisions of this Section 22 shall survive the consummation of the transactions contemplated herein or any termination of this Agreement.

23.     Upon the Holder's receipt of the Discounted Payoff Amount in accordance with the terms and provisions of this Agreement, on or before 3:00 PM New York time, on the Termination Date, TIME BEING OF THE ESSENCE, the parties shall (i) execute a Stipulation of Discontinuance, without prejudice or costs to any party, which is attached hereto as Exhibit "D" (the "Stipulation of Discontinuance); and (ii) execute a Stipulation of Cancelling the Notice of Pendency filed in this action, which is attached hereto as Exhibit "E." Upon Holder's receipt of the fully executed Stipulation of Discontinuance and Stipulation of Cancelling the Notice of Pendency, Holder shall promptly file the Stipulation of Discontinuance and Stipulation of

Cancelling the Notice of Pendency with the Clerk of the Court.

24.     Borrower and Guarantor acknowledge and agree that the instant Agreement is being entered into at their request and as an accommodation to them. In no event shall Borrower and Guarantor have any claim for damages, or right or claim to penalties, fees or compensation or reimbursement against or from Holder, for Holder's failure to abide by any of the terms hereof, or by any delay or act or omission inconsistent with Holder's obligations under this Agreement. The provisions of this Section 24 shall survive the consummation of the transactions contemplated herein or any termination of this Agreement.

Dated: August    , 2014

264 Lenox LLC,
a New York Limited Liability Company


_____

By: Saadia Shapiro
Title: Managing Member
Date Signed: August    , 2014


_____

Saadia Shapiro
Date Signed: August    , 2014

SHAPIRO & ASSOCIATES, PLLC
Attorneys for 264 Lenox LLC and
Saadia Shapiro


_____

By: Saadia Shapiro, Esq.
Date Signed: August    , 2014

Law Offices of Alla Kachan, P.C.
Attorneys for Debtor 264 Lenox LLC

By: _____
     Alla Kachan, Esq.
415 Brighton Beach Avenue, 2nd Floor
Brooklyn, NY 11235

Coritsidis & Lambros, PLLC                          ColFin FCSB Funding A, LLC
Attorneys for ColFin FCSB Funding A, LLC


_____                    By:_____
By: Jeffrey A. Gangemi, Esq.                        Title:
Date Signed: August    , 2014

9

## EXHIBIT A TO PAYOFF AGREEMENT

| | |
|---|---:|
| Judgment Amount: | $1,345,057.20 |
| Interest from 12/27/13 to 09/12/14 @9% per annum: | $87,887.28 |
| Costs and disbursements (per Judgment): | $920.00 |
| Additional Allowance (per Judgment): | $300.00 |
| Advertising costs for publication of | |
| Notice of Sale   (per Judgment): | $3,277.62 |
| Attorneys' fees and disbursements: | $34,664.47 |
| *TOTAL:* | *$1,472,106.57* |

# EXHIBIT B TO PAYOFF AGREEMENT



# Incoming Wire/Payment instructions

Please provide these instructions to your clients who wish to send a wire payment to Investors Bank
*To help prevent fraudulent transactions within your account, you should NEVER send your account
information via unencrypted email, a publicly shared computer or though any social media website.*

## DOMESTIC U.S. DOLLAR PAYMENT INSTRUCTIONS

**Pay to:**
Investors Bank – Short Hills NJ
ABA Routing Number 221272031

**Beneficiary Instructions:**
For the benefit of <u>Coritsidis & Lambros, PLLC IOLA Account</u>
                                                    (Insert your full Account Name or Title)

Account number: <u>1008064</u>
                        (Insert your full Account number at Investors Bank)

## INTERNATIONAL U.S. DOLLAR PAYMENT INSTRUCTIONS

**Pay to:**
Investors Bank – Short Hills NJ (SWIFT Code – IBNJUS33)
ABA Routing Number 221272031

**Beneficiary Instructions:**
For the benefit of _____
                                                    (Insert your full Account Name or Title)

Account number: _____
                        (Insert your full Account number at Investors Bank)

## EURO PAYMENT INSTRUCTIONS

**Pay to:**
Millennium Bcp- Lisbon (SWIFT – BCOMPTPL)

**Beneficiary Bank:**
Investors Bank-Short Hills NJ (SWIFT – IBNJUS33)
Bank account -45401575173

**For further credit to Beneficiary:**

For the benefit of _____
                                                    (Insert your full Account Name or Title)

Account number: _____
                        (Insert your full Account number at Investors Bank)

*Branches: If completing this form on behalf of the customer, please ensure you add "Secure" to the
email subject line when emailing them.*

# EXHIBIT C TO PAYOFF AGREEMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————————X
COLFIN FCBB FUNDING A, LLC,

                                    Plaintiff,              **STIPULATION**
                                                            **OF DISCONTINUANCE**

          -against-

**264 LENNOX LLC, SAADIA SHAPIRO, THE CITY OF**        **Index No.: 105981-09**
**NEW YORK ENVIRONMENTAL CONTROL BOARD,**
**AND "JANE" FORD,**
                                    Defendants.
————————————————————————————X

        The above entitled action having been compromised and settled between plaintiff and

defendants, and no party herein being an infant, and incompetent for whom a committee has been

appointed, or a conservatee, and there being no person not a party who has any interest in the

subject matter of the action,

        IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the

respective parties herein, that the above entitled action, including all claims, be and the same are

hereby discontinued without prejudice and without costs to either party as against the other.

        IT IS FURTHER STIPULATED AND AGREED, that for purposes of this stipulation,

execution of counterparts by facsimile and/or e-mail transmission shall be binding upon the

undersigned parties.


Dated: New York, New York
        _____, 2014

Jeffrey A. Gangemi, Esq.
Coritsidis & Lambros, PLLC
*Attorneys for Plaintiff*
46 Trinity Place, 4th Floor
New York, New York 10006
(212) 797-4600

Saadia Shapiro, Esq.
SHAPIRO & ASSOCIATES, PLLC
*Attorneys for Defendants*
*Saadia Shapiro and 264 LENNOX LLC*
3145 Coney Island Avenue
Brooklyn, New York 11235
(347) 462-9900

# EXHIBIT D TO PAYOFF AGREEMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____X

COLFIN FCSB FUNDING A, LLC,

                                    Plaintiff,

                    -against-

264 LENNOX LLC, SAADIA SHAPIRO, THE CITY OF
NEW YORK ENVIRONMENTAL CONTROL BOARD,
AND "JANE" FORD,

                                    Defendants.
_____X

**STIPULATION
CANCELLING NOTICE
OF PENDENCY**

Index No.: 105981-09

WHEREAS, no party served herein is an infant or incompetent person for whom a committee has
been appointed.

IT IS HEREBY STIPULATED AND AGREED by all of the
     (a)   attorney(s) for plaintiff; and
     (b)   attorney(s) for all defendants who have appeared or answered including those who
         have waived all notices; and
     (c)   all defendants who have appeared Pro Se or answered Pro Se including those who
         have waived all notices

that the notice of pendency of action filed in the office of the clerk of the County of Bronx
against the property known as 264 Lenox Avenue, New York, New York, Block: 1721, Lot: 37,
on or about the 28th day of April, 2009, be cancelled and discharged of record. For purposes of
this Stipulation, execution by facsimile and/or e-mail transmission shall be valid and binding
upon the undersigned parties.

Dated: New York, New York
       _____, 2014


_____
Jeffrey A. Gangemi, Esq.
CORITSIDIS & LAMBROS, PLLC
*Attorneys for Plaintiff*
46 Trinity Place, 4th Floor
New York, New York 10006
(212) 797-4600

_____
Saadia Shapiro, Esq.
SHAPIRO & ASSOCIATES, PLLC
*Attorneys for Defendants*
*Saadia Shapiro and 264 LENNOX LLC*
3145 Coney Island Avenue
Brooklyn, New York 11235
(347) 462-9900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————————X

COLFIN FCSB FUNDING A, LLC,

                            Plaintiff,

          -against-

264 LENNOX LLC, SAADIA SHAPIRO, THE CITY OF
NEW YORK ENVIRONMENTAL CONTROL BOARD,
AND "JANE" FORD,

                        Defendants.

——————————————————————————X

**AFFIDAVIT IN
CONNECTION WITH
STIPULATION
CANCELLING NOTICE
OF PENDENCY**

Index No.: 105981-09

STATE OF NEW YORK     )
                           ) ss:
COUNTY OF NEW YORK   )

The undersigned, an attorney admitted to practice in the courts of New York State, shows:

1.      That deponent is an attorney admitted to practice in the courts of the State of New York.

2.      This affidavit is made pursuant to CPLR 6514(d) for the purpose of cancellation of the notice of pendency of action referred to in the stipulation canceling lis pendens annexed hereto.

3.      The following defendants have been served with Summons and Complaint on the dates set forth after their respective names:

| Defendant | Date of Service |
|---|---|
| 264 Lennox LLC | May 5, 2009 |
| Saadia Shapiro | June 23, 2009 |
| The City of New York State Environmental Control Board | April 30, 2009 |
| "Jane Ford" | May 8, 2009 |

4.      That the time for all of the defendants to appear or answer has fully expired.

5.      That no defendants have answered or otherwise appeared in this action, except for

264 Lennox LLC and Saadia Shapiro.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
        _____, 2014

                                  CORITSIDIS & LAMBROS, PLLC

                                  _____
                                  By: Jeffrey A. Gangemi, Esq.
                                     *Attorneys for Plaintiff*
                                     46 Trinity Place, 4th Floor
                                     New York, New York 10006
                                     P: (212) 797-4600

Sworn to before me this
\_\_\_ day of August, 2014

_____
Notary Public

# EXHIBIT E TO PAYOFF AGREEMENT

Order No.:09-7407-50371y-NYM

## *LEGAL DESCRIPTION*

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of Lenox (formerly 6th) Avenue distant 43 feet 5 inches Northerly from the Northeasterly corner of 123rd Street and Lenox Avenue;

RUNNING THENCE Northerly along Lenox Avenue 18 feet;

THENCE Easterly parallel with West 123rd Street and part of the way through a party wall 75 feet;

THENCE Southerly parallel with Lenox Avenue 18 feet;

THENCE Westerly and again parallel with West 123rd Street and part of the way through another party wall 75 feet to the point or place of BEGINNING.

# EXHIBIT F TO PAYOFF AGREEMENT

## GENERAL RELEASE

**To all to whom these Presents shall come or may Concern, know that**

264 LENNOX LLC, a New York Limited Liability Company, and Mr. SAADIA SHAPIRO,
collectively as RELEASOR, in consideration of the sum of one ($1.00) dollar and other valuable
consideration received from COLFIN FCSB FUNDING A, LLC, a Delaware Limited Liability
Company, AS RELEASEE, receipt whereof is hereby acknowledged, releases and discharges
Releasee, its predecessors, successors, assigns, executors, administrators, agents, officers,
employees, servicers, representatives, attorneys, and affiliates, and all persons acting by, through,
under, or in concert with any of the aforesaid persons or entities (collectively, the "Releasee"), or
any of them, now or hereafter existing, from and against any and all actions, causes of action,
suits, debts, dues, sums of money, accounts, reckonings, bonds, executions, claims and demands
whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR,
RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or
hereafter can, shall or may, have for, upon, or by reason of any matter cause or thing whatsoever
from the beginning of the world to the day of the date of this RELEASE. Without limiting the
foregoing, RELEASOR releases RELEASEE with full knowledge of RELEASOR's rights and
with the specific intent to release both known and unknown claims. This General Release is
intended to include in its effect, without limitation, all claims which RELEASOR does not know
or suspect to exist at the time of execution hereof, and this General Release extinguishes any
such claims.

Whenever the text hereof requires, the use of singular number shall include the
appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and
seal on the __ day of _____, 2014.


264 LENNOX LLC, a New York
Limited Liability Company


_____            _____
By: Saadia Shapiro                          Mr. Saadia Shapiro, Individually
Title: Managing Member

## *ACKNOWLEDGMENT*

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

On the __ day of _____ in the year 2014, before me, the undersigned, a Notary Public in and for said State, personally appeared **Saadia Shapiro**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


                                        _____
                                        Notary